VENABLE LLP
Daniel S. Silverman (SBN 137864)
  dsilverman@venable.com
Matthew M. Gurvitz (SBN 272895)
  mgurvitz@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone:   (310) 229-9900
Facsimile:    (310) 229-9901

Kimberly Culp (SBN 238839)
  kculp@venable.com
505 Montgomery Street, Suite 1400
San Francisco, CA 94111
Telephone:   (415) 653-3750
Facsimile:    (415) 653-3755

Attorneys for Defendants
WELCH FOODS INC., A COOPERATIVE and
THE PROMOTION IN MOTION COMPANIES, INC.
(Erroneously sued as WELCH FOODS, INC. and
PROMOTION IN MOTION, INC.)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS IGLESIAS,<br><br>              Plaintiff,<br><br>        v.<br><br>WELCH FOODS, INC. and PROMOTION IN MOTION, INC.,<br><br>              Defendants. | Case No.: 17-cv-00219<br><br>CLASS ACTION<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>[San Francisco County Superior Court Action No. CGC-16-555566]<br><br>Action Filed:       November 29, 2016<br>Complaint Served: December 15, 2016<br>Removal:           January 17, 2017<br><br>**DEMAND FOR JURY TRIAL** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendants Welch Foods Inc., A Cooperative (which was erroneously sued as "Welch Foods, Inc." and is hereinafter referred to as "Welch's") and The Promotion In Motion Companies, Inc. (which was erroneously sued as "Promotion In Motion, Inc." and is hereinafter referred to as "PIM") (collectively "Defendants"), by and through their attorneys, Venable LLP, and pursuant to 28 U.S.C. §§1332, 1441, and 1446, hereby remove the above-captioned action from the Superior Court of the State of California, in and for the County of San Francisco for the reasons described below:

**I.    INTRODUCTION**

1.    On or about November 29, 2016, Plaintiff Thomas Iglesias ("Plaintiff"), individually and on behalf of others similarly situated in California, filed a civil action in the Superior Court of California for the County of San Francisco, entitled *Thomas Iglesias v. Welch Foods, Inc. and Promotion In Motion, Inc.*, Case No. CGC-16-555566 (the "State Court Action").  *See* the Declaration of Kimberly Culp ("Culp Decl.") Exhs. A-B.

2.    Plaintiff served the Complaint on Defendants on December 15, 2016.

3.    Plaintiff alleges that Defendants sell misbranded fruit snacks, defined as the "Products" in the complaint filed in the State Court Action whereby Plaintiff pursues injunctive relief, declaratory relief, attorneys' fees, costs, and prejudgment interest.

4.    For his first claim, Plaintiff asks "that the Court enjoin Defendants from continuing to violate the [Consumer Legal Remedies Act ("CLRA")] by selling or offering for sale the mislabeled Products in California, or causing the mislabeled Products to be sold or offered for sale in California."  Compl. ¶ 38.  He also seeks attorneys' fees in connection with this claim.  Compl. ¶ 39.

5.    For his second claim, Plaintiff "seeks declaratory and injunctive relief, requiring Defendants to restrain from continuing to sell the mislabeled and deceptive Products as alleged herein, and attorneys' fees and costs pursuant to Section 1021.5 of the California Civil Code of Procedure."  Compl. ¶ 46.

6.    All Defendants consent to this removal.

7. Defendants demand a jury trial of twelve jurors, pursuant to Federal Rules of Civil Procedure 38 and 48.

## II.    GROUNDS FOR REMOVAL UNDER CAFA

8. The Class Action Fairness Act, 28 U.S.C. § 1332(d), ("CAFA") provides this Court with original jurisdiction of this case and permits Defendants to remove the State Court Action from California state court to this Court.  CAFA provides that federal district courts shall have original jurisdiction over class actions where the number of proposed class members is 100 or greater, any member of the putative class of plaintiffs is a citizen of a state different from that of any defendant, and the aggregate amount in controversy for all putative class members exceeds $5,000,000 (exclusive of interest and costs).  28 U.S.C. § 1332(d).  These jurisdictional requirements are satisfied in this action.

### A.    Complete Diversity of Citizenship Exists Between the Parties

9. The named Plaintiff, Thomas Iglesias, is a resident of California.  Compl. ¶ 9.

10. Plaintiff filed the State Court Action as a putative class action on behalf of himself and a proposed class of "all persons in California who purchased Defendants' Products within the four-year period prior to the date of [the] Complaint through the date the Class is certified."  Compl. ¶ 25.

11. Defendant Welch's is incorporated in the state of Michigan.  Culp Decl. ¶ 2.  Its principal place of business is in Concord, Massachusetts.  Culp Decl. ¶ 2.

12. Defendant PIM is incorporated in the state of Delaware.  Culp Decl. ¶ 3.  Its principal place of business is in Allendale, New Jersey.  Culp Decl. ¶ 3.

13. No defendant is, or at the time of commencement of the action was, a citizen of California.

14. Because Plaintiff is a resident of California (Compl. ¶ 9), then at least one of the putative class members is a citizen of a state different from all Defendants and complete diversity exists for purposes of removing this action, not to mention minimal diversity for purposes of CAFA.  28 U.S.C. § 1332(d)(2).

/ /

**B.     The Amount in Controversy Exceeds $5,000,000**

15.     This is a civil action for which this court has original jurisdiction under 28 U.S.C. §1332(d).  This action may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §§1441 and 1446.

16.     "The jurisdictional requirement is satisfied if either party can gain or lose the jurisdictional amount."  *Nelson v. BIC USA, Inc.*, 2008 WL 906049, at * 4 (S.D. Cal. Apr. 1, 2008).  Thus, even where the plaintiffs "expressly disclaimed traditional monetary damages" and sought "only declaratory and injunctive relief" removal can be sought under CAFA.  *Adams v. American Family Mut. Ins. Co.*, 981 F. Supp. 2d 837, 845, 852 (S.D. Iowa Nov. 8, 2013); *see Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 984 (S.D.Cal. Oct. 14, 2005) (quoting legislative history from CAFA:  "The Senate Report states: 'The Committee intends that a matter be subject to federal jurisdiction under this provision if the value of the litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, regardless of the type of relief sought (e.g. damages, injunctive relief, or declaratory relief.'"); *see also South Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1318 (11th Cir. 2014) (determining amount in controversy exceeded $5 million and finding CAFA jurisdiction where only declaratory relief sought); *Certain Underwriters at Lloyd's v. Illinois Nat. Ins. Co.*, 2012 WL 4471564 (S.D.N.Y. Sept. 24, 2012) (CAFA jurisdiction where only declaratory relief sought); *Valdez v. Metropolitan Property & Cas. Ins. Co.*, 867 F.Supp.2d 1143, 1163 (D.N.M. Mar. 19, 2012) (CAFA jurisdiction where only declaratory relief sought, and quoting legislative history from CAFA:  "The Senate Report states: 'The Committee intends that a matter be subject to federal jurisdiction under this provision if the value of the litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, regardless of the type of relief sought.'").

17.     "[T]he value of the injunction-only case may be measured by the value of the injunction to the Defendant.  Such valuation exceeds $5 million, and therefore creates jurisdiction under CAFA."  *Anderson v. Seaworld Parks and Entertainment, Inc.*, 132 F. Supp. 3d 1156, 1162 (N.D. Cal. Sept. 24, 2015); *see also In Re Ford Motor Co. / Citibank (South*

*Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) ("if the value of the thing to be accomplished is equal to the dollar minimum of the jurisdictional amount requirement to anyone concerned in the action, then jurisdiction is satisfied") (internal quotations omitted); *see also Pagel v. Dairy Farmers of America*, 986 F. Supp. 2d 1151, 1158 (C.D. Cal. Dec. 11, 2013) (explaining that the *Ford* "either viewpoint" rule has "come to be associated almost exclusively with cases seeking injunctive relief.").

18. Moreover, the Court may aggregate the Defendants' costs to reach the $5,000,000 threshold. 28 U.S.C. § 1332(d)(6); *Pagel*, 986 F. Supp. 2d at 1161 ("CAFA's rejection of the anti-aggregation rule makes the 'either viewpoint' rule a valid method for assessing the value of the amount in controversy to determine whether jurisdiction lies under 28 U.S.C. §1332(d)(2).").

19. "[A] defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014); *see also Anderson*, 132 F. Supp. 3d at 1161 (plausibility standard also applies in CAFA context).

20. Having reviewed the complaint filed in the State Court Action and the facts known to it about its own volume of sales and the cost of complying with a plausible injunction or declaratory order which Plaintiff might seek or the Court might order, Defendants allege that the amount in controversy exceeds $5,000,000. Declaration of Scott Yales in Support of Defendants' Notice of Removal ¶¶ 6-7.[1]

C. **This Is a Class Action As Defined by CAFA**

21. This action meets the applicable definition of a class action under CAFA, which defines class action as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B).

22. Plaintiff filed the State Court Action as a putative class action on behalf of

---

[1] Defendants do not concede that Plaintiff, or the purported class, is entitled to any relief or that any plausible injunction or declaratory order is reasonable or should be awarded. Nevertheless, for purposes of removal, and without conceding anything, based solely on Plaintiff's allegations such consequences are plausible.

himself and a proposed class of "[a]ll persons in California who purchase Defendants' Products. . . ." Compl. ¶ 25.

23. The California rule governing the maintenance of class actions, California Code of Civil Procedure section 382, is analogous to Federal Rule of Civil Procedure 23. Thus, this action falls within the definition of a "class action" under CAFA.

### D. The Proposed Class Consists of More than 100 Persons

24. The putative class in this action consists of more than 100 members. 28 U.S.C. § 1332(d)(5)(B). Plaintiff alleges that the class "likely number thousands of people." Compl. ¶ 26.

25. Although Defendants dispute that any class can be appropriately certified under any applicable rule, Plaintiff's allegations in the Complaint are sufficient to satisfy CAFA's requirement that the proposed class consist of at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

## III. PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

### A. The Notice of Removal is Timely

26. Plaintiff served the Complaint on Defendant Welch's on December 15, 2016. Culp Decl. ¶ 5, Exh. B. PIM has not yet been served with the Complaint, but is removing the Complaint along with Welch's. This notice of removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b) because it is filed within thirty days after Defendant was served.

### B. Venue is Proper

27. The Superior Court of the State of California for the County of San Francisco is located within the Northern District of California. 28 U.S.C. § 84(a). This notice of removal is therefore properly filed in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

### C. Notice of Filing

28. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the clerk of the Superior Court of the State of California for the County of San Francisco and served upon counsel for Plaintiff. Culp Decl. ¶ 6.

//

## IV. INTRADISTRICT ASSIGNMENT

29. This Court is the appropriate court to which the action must be removed because it is part of the "district and division embracing the place where" plaintiff filed the action (San Francisco, California). 28 U.S.C. § 1446(a).

30. Pursuant to Local Rule 3-2(d), San Francisco and Oakland are the appropriate divisions to which this action, arising in San Francisco County, should be assigned.

## V. CONCLUSION

For the reasons stated, federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(d). Accordingly, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446.

DATED: January 17, 2017

VENABLE LLP

By: /s/ Kimberly Culp
Daniel S. Silverman
Kimberly Culp
Matthew M. Gurvitz

Attorneys for Defendants
WELCH FOODS INC., A COOPERATIVE and THE PROMOTION IN MOTION COMPANIES, INC.

**DEMAND FOR JURY TRIAL**

Defendants Welch Foods Inc., A Cooperative and The Promotion in Motion Companies, Inc. hereby demand a jury trial for all claims so triable.

DATED: January 17, 2017

VENABLE LLP

By: /s/ Kimberly Culp
 Daniel S. Silverman
 Kimberly Culp
 Matthew M. Gurvitz

Attorneys for Defendants
WELCH FOODS INC., A COOPERATIVE and THE PROMOTION IN MOTION COMPANIES, INC.