Rosemary M. Rivas (State Bar No. 209147)
Email: rrivas@zlk.com
**LEVI & KORSINSKY LLP**
44 Montgomery Street, Suite 650
San Francisco, California 94104
Telephone: (415) 291-2420
Facsimile: (415) 484-1294

*Counsel for Plaintiff Thomas Iglesias*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| THOMAS IGLESIAS,<br><br>            Plaintiff,<br><br>v.<br><br>WELCH FOODS, INC. and PROMOTION IN MOTION, INC.,<br><br>            Defendants. | CASE NO. 3:17-cv-00219-TEH<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  April 3, 2017<br>Time:  10:00 A.M.<br>Judge: Honorable Thelton E. Henderson<br>Courtroom: 12, 19TH Floor |

## NOTICE OF MOTION & MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 3, 2017, at 10:00 a.m., before the Honorable Thelton E. Henderson of the Northern District of California, Plaintiff Thomas Iglesias, will and hereby does move to remand this action to the Superior Court of the State of California, for the County of San Francisco. This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Rosemary M. Rivas, the papers on file in the matter, the arguments of counsel, and any other matter the Court wishes to consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION & STATEMENT OF FACTS

This is an action seeking declaratory and injunctive relief, on behalf of Plaintiff and all others similarly situated in California, to restrain Defendants Welch Foods, Inc. and The Promotion in Motion Companies, Inc. from continuing to sell in California mislabeled and deceptive fruit snack products under the brand name Welch's (hereinafter the "Products").

Among other things, Plaintiff alleges that Defendants' Products' labels falsely and misleadingly state that they contain "No Preservatives" when, in fact, they contain Ascorbic Acid, Citric Acid and Tocopherols. Ascorbic Acid, Citric Acid, and Tocopherols have long been recognized by the Food & Drug Administration ("FDA") as chemical preservatives.[1] Plaintiff alleges that labeling the Products "No Preservatives" when they contain the chemical preservatives Ascorbic Acid, Citric Acid and Tocopherols is false and misleading.

Plaintiff filed a class action complaint for declaratory and injunctive relief only in the Superior Court of California, County of San Francisco, on November 29, 2017. Plaintiff alleges that Defendants' conduct violates California's consumer protection statutes, including California's Unfair Competition

---

[1] *See, e.g.*, FDA's Overview of Food Ingredients, Additives & Colors, available at http://www.fda.gov/Food/IngredientsPackagingLabeling/FoodAdditivesIngredients/ucm094211.htm (last visited November 9, 2016) (identifying Ascorbic Acid, Citric Acid, and Tocopherols as preservatives); see also 21 C.F.R. § 182.3013 (listing ascorbic acid as a chemical preservative); 21 C.F.R. § 182.3890 (listing Tocopherols as a chemical preservative).

Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* and California's Consumers Legal Remedies Act, Cal. Civ. Code ¶ 1750, *et seq*.

This case should be remanded to the court where Plaintiff originally filed the case. First, Defendants have not shown by a preponderance of the evidence that the $5,000,000 amount in controversy requirement under the Class Action Fairness Act, 28 U.S.C. § 1332(d) is met. Defendants have mischaracterized the scope of the injunctive relief sought to claim that the cost of complying with the injunction will meet or exceed $5,000,000.  Further, Defendants have only provided a conclusory statement that the jurisdictional amount is met, but on its face, it is implausible as Plaintiff explains in further detail below.

Second, Defendants should be judicially estopped from litigating this case in federal court. In another mislabeling class action that is pending against them in the Eastern District of New York, Defendants successfully argued that the consumer plaintiffs did not have Article III standing to sue for injunctive relief, and obtained a dismissal of such claims. Now, Defendants have taken the inconsistent position here by removing this injunctive relief action to this Court.  Defendants should not be allowed to gain an unfair advantage here. Accordingly, Plaintiff respectfully requests that the Court grant this motion.

## II. THIS ACTION SHOULD BE REMANDED TO STATE COURT DUE TO THE LACK OF JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACTION

### A. Legal Standard

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. A plaintiff, however, may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c).

The Class Action Fairness Act, 28 U.S.C. § 1332(d) provides that district courts have original jurisdiction over any class action in which: (1) the amount in controversy exceeds five million dollars, (2) any plaintiff class member is a citizen of a state different from any defendant, (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief, and (4) the number of plaintiffs in the class is at least 100. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5). "[U]nder CAFA the burden of establishing removal jurisdiction

remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006); *see also Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged.").

The applicable burden of proof is by a preponderance of the evidence. *See Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013). However, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

When measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *See, e.g., Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). However, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). The estimated amount in controversy calculation must be based upon a reasonable reading of the allegations of the complaint. *See Ibarra*, 775 F.3d at 1198-99 (finding that an allegation of a "pattern and practice" of labor violations was not, standing alone, a reasonable basis for a calculation assuming a violation on every shift). In calculating the amount in controversy, "assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Id.* at 1199.

If "defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Hughes v. Fosdick*, 106 F. Supp. 3d 1078, 1081 (N.D. Cal. 2015). This proof can include affidavits, declarations, or other "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Ibarra*, 775 F.3d at 1197 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997)).

In determining whether the removing party has met its required burden, a court may consider the contents of the removal petition and summary judgment-type evidence relevant to the amount in

controversy at the time of the removal. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The district court must remand unless it finds the removing party's allegation of the amount in controversy supported by a preponderance of the evidence. *See* 28 U.S.C. § 1446(c)(2)(B); *Dart Cherokee,* 135 S. Ct. at 553-54; *Ibarra*, 775 F.3d at 1197.

### B.   Defendants Have not Met Their Burden of Establishing the Amount in Controversy

Plaintiff does not seek damages or restitution, only injunctive and declaratory relief. Class Action Complaint ("CAC") at ¶ 8 (Docket No. 1-4). Moreover, the injunction Plaintiff seeks is limited to an order restraining Defendants "from continuing to sell the mislabeled and deceptive Products as alleged herein[.]" *Id.* at ¶ 46. In other words, all Defendants have to do is change the labels on the Products so they do not say "No Preservatives" and "FRUIT is our 1st Ingredient". Plaintiff does not seek an injunction against any third-party retailers or distributors. CAC at ¶¶ 38, 46.

Defendants' argument that this case meets the $5,000,000 amount in controversy lacks merit. First, the injunctive relief Plaintiff seeks against Defendants is merely that they stop selling the Products with labels promising "No Preservatives" and that "FRUIT is our 1st Ingredient." This would require Defendants to redesign and print new labels and place them on any Products that have yet to be distributed to retailer sellers in California. Defendants have not shown by a preponderance of the evidence that redesigning and printing new labels and placing them on the Products for sale in California will exceed $5,000,000. In fact, Defendants have provided zero evidence regarding the cost of redesigning the labeling going forward.

In an attempt to try to meet the $5,000,000 threshold, Defendants mischaracterize the type of injunctive relief Plaintiff seeks. Specifically, Defendants claim that they ***might*** be required to remove Welch's Fruit Snacks products from the California chain of distribution and destroy inventory. Defendants' Notice of Removal ("Removal Notice") ¶ 20 (Docket No. 1); Declaration of Scott Yales ("Yales Declaration") ¶ 6 (Docket No. 1-1). But Plaintiff does not seek such broad relief. In fact, based on publicly available evidence, Defendants do not sell their products directly to consumers in retail locations; rather, they either sell directly to retailers or to distributors who sell to retailers. *See* accompanying Declaration of Rosemary M. Rivas ("Rivas Declaration"), Exh. A (web pages showing retail locations that sell the Products). Since retailers and distributors are not named in the complaint and

would not be the subject of an injunctive relief order, restocking and shipping fees relating to removing the Products from the chain of distribution, including store shelves, should not be considered in determining the amount in controversy.

Even if the Court were to consider the costs of an injunction based on Defendants' mischaracterization, Defendants have not met their burden in showing that the $5,000,000 threshold is met. Defendants have only provided the declaration of Mr. Scott Yales, Chief Financial Officer of Defendant The Promotion in Motion Companies, Inc. ("PIM"). Mr. Yales declares that PIM's "costs of complying with a plausible injunction or declaratory relief Plaintiff might seek and/or the Court might order ***could include*** such costs as restocking fees for removing any Welch's Fruit Snacks products from the California chain of distribution, the cost of inventory of any Welch's Fruit Snacks that may be ordered destroyed, the shipping costs for removing any Welch's Fruit Snack products from the California chain of distribution, costs for relabeling Welch's Fruit Snacks to be sold in the California market, and/or PIM's lost sales for any time period when PIM is unable to sell Welch's Fruit Snacks in California." Yales Declaration at ¶ 7  (emphasis added). The Yales Declaration provides only a "mere statement of potential costs" that does not satisfy Defendants' burden. *See Gyorke-Takatri v. Nestle USA, Inc.,* 2015 U.S. Dist. LEXIS 151205, at *7 (N.D. Cal. Nov. 6, 2015); *see also, Gaus v. Miles, Inc.,* 980 F.2d 564, 567 (9th Cir. 1992) ("'Mere averment' of the jurisdictional amount is insufficient[]" to establish the requisite amount in controversy).

Notably, the Yales Declaration does not provide the costs of redesigning the label and affixing it onto the Products.  In terms of the claim that the Products would need to be destroyed, such a claim is implausible, but in any event, the Yales Declaration does not provide how much inventory is stored at any given time in California that would need to be destroyed and the cost of doing so. Finally, once the Products are sold, they are not within Defendants' control and belong to a third party. Therefore, it is unnecessary to incur the costs of recalling such shipments back or pulling Products off the shelves. Defendants' presentation is mere conjecture and woefully insufficient to meet its burden. Accordingly, this case should be remanded to the Superior Court of the State of California, County of San Francisco.

### III. DEFENDANTS SHOULD BE JUDICIALLY ESTOPPED FROM REMOVING PLAINTIFF'S INJUNCTIVE RELIEF CLAIMS TO FEDERAL COURT

This case should also be remanded to state court based on the application of the judicial estoppel doctrine. Judicial estoppel prevents a party from asserting a position in a current legal proceeding that is contrary to the position that the party previously asserted in a separate judicial proceeding. *See Stevens Technical Servs., Inc. v. SS Brooklyn*, 885 F.2d 584, 588 (9th Cir. 1988). The purpose is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment. *See Ah Quin v. County of Kauai DOT*, 733 F.3d 267, 270-71 (9th Cir. 2013) (citing *New Hampshire v. Maine*, 532 U.S. 742, 749-50, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001)). When a party takes a position and persuades a court to grant relief based on that position, judicial estoppel precludes that party from taking a clearly inconsistent position in different litigation. *See id.*

To establish judicial estoppel, courts consider three factors: "(1) whether a party's later position is 'clearly inconsistent' with its original position; (2) whether the party has successfully persuaded the court of the earlier position; and (3) whether allowing the inconsistent position would allow the party to 'derive an unfair advantage or impose an unfair detriment on the opposing party.'" *See United States v. Ibrahim,* 522 F.3d 1003, 1009 (9th Cir. 2008) (quoting *New Hampshire*, 532 U.S. at 750-51).

All the factors supporting judicial estoppel are met here. First, Defendants' position, that Plaintiff's injunctive relief claim brought under California's consumer protection statutes belongs in this federal court, is contrary to an earlier position it took in the class action case titled *Atik, et al. v. Welch Foods, Inc., et al.,* Case No. 15-CV-5405 (MKB) (VMS) ("*Atik*"). Specifically, Defendants argued in *Atik* that a consumer did not have Article III standing to pursue injunctive relief based on a past injury, i.e., the purchase of a mislabeled product. *See* Rivas Declaration, Exh. B at p. 6. According to Defendants, a consumer who might purchase the mislabeled product again in the future did not have standing because the consumer was already aware of the alleged misrepresentations, and hence, would not be in danger of being deceived again. *Id.*

Second, Defendants successfully persuaded the Court in *Atik* of its earlier position. Judge Margo K. Brodie, in a Memorandum & Order, accepted Defendants' arguments in *Atik* and dismissed the plaintiffs' claims for injunctive relief. Rivas Declaration, Exh. C at p. 14.

Third, allowing Defendants to raise inconsistent positions would allow them to derive an unfair advantage over Plaintiff. Among other things, Defendants could file a motion to transfer this case to the United States District Court before Judge Brodie, and then seek dismissal of Plaintiff's injunctive relief claim. Defendants could also move to dismiss before this Court, and ask that the Court dismiss the injunctive relief claim on the basis of lack of Article III standing. This is precisely what the doctrine of judicial estoppel aims to prohibit.

Since Plaintiff has met the factors courts described in *Ibrahim*, the doctrine of judicial estoppel should apply here and this case should be remanded back to state court.

## IV.     CONCLUSION

There are significant grounds supporting remand. First, Defendants have failed to show that the $5,000,000 amount in controversy is met by a preponderance of the evidence. Second, Defendants should be judicially estopped from litigating Plaintiff's injunctive relief claim in this Court given its inconsistent position in *Atik*. Accordingly, Plaintiff respectfully requests that this Court grant this motion to remand.

Dated:  February 16, 2017            **LEVI & KORSINSKY LLP**

By:  /s/ *Rosemary M. Rivas*
Rosemary M. Rivas
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Tel: (415) 291-2420
Fax: (415) 484-1294

*Counsel for Plaintiff Thomas Iglesias*